NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2015[*]
Decided February 24, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-2873

| | |
|---|---|
| STACY L. BUTLER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:13-cv-00455-SEB-DKL |
| BRIAN JOHNSON, et al., | |
| *Defendants-Appellees*. | Sarah Evans Barker, *Judge*. |

**O R D E R**

Stacy Butler, a federal inmate, appeals the grant of summary judgment for defendant prison officials in this suit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), asserting that the officials used excessive force

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

against him and interfered with necessary medical treatment. The district court concluded that Butler failed to exhaust administrative remedies. We affirm.

Butler's suit arises out an incident that allegedly occurred at a hospital while he was preparing to undergo back surgery. The details are murky, but he asserts that Lieutenant Brian Johnson and Correctional Officers Bradley Moss and Rodney Pritchard restrained his arms (his ankles were shackled to his hospital bed), punched him several times in his head and body, and then returned him to the prison without allowing him to proceed with the surgery. In the aftermath Butler filed two requests for administrative remedies (using "BP-9" forms, *see* 28 C.F.R. §§ 542.10(a), 542.14(a)). The first, request number 517178, complained of the officials' restraining and punching him, and the second, number 517179, complained of their interference with his surgery. The Warden denied both of Butler's grievances, and Butler appealed the decisions to the Regional Director (BP-10). *See* 28 C.F.R. § 542.15(a).

The Regional Director upheld the denial of request 517178, and Butler appealed to the General Counsel (BP-11), who rejected his appeal because Butler had failed to include the requisite copies of the two prior requests and responses. *See* 28 C.F.R. § 542.15(b)(1). Butler refiled the appeal but still did not include the responses of either the Warden or the Regional Director. The General Counsel gave Butler a second opportunity to refile the prior requests and responses, but he never did.

The Regional Director also upheld the denial of request 517179 relating to the officials' interference with his medical treatment because Butler had not submitted a copy of the BP-9 request and response from the Warden. Instead of resubmitting the appeal with the correct attachments, Butler appealed to the General Counsel. The General Counsel rejected the appeal with instructions to submit it to the Regional Director first. Butler never did.

Butler then filed a federal civil-rights suit asserting that Johnson, Moss, and Pritchard used unconstitutionally excessive force against him when they restrained and punched him at the hospital. He also alleged that the prison officials interfered with his necessary medical treatment by returning him to the prison before he received his scheduled back surgery.

The district court granted summary judgment for the defendants based on Butler's failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a). The court found that Butler failed (1) to correct his appeal of administrative request 517178 to the

General Counsel and (2) to properly appeal request 517179 to the Regional Director before appealing to the General Counsel.

Butler then moved under Federal Rule of Civil Procedure 59(e) to amend the judgment, arguing among other things that newly discovered evidence showed that he had exhausted administrative remedies with regard to request 517179. His purported new evidence was the "discover[y]" that he had already grieved the back-surgery incident in a prior administrative request (request 515350) and that the request had been resolved at the institutional level. The district court denied the motion, concluding that Butler did not identify any legal or factual error in its decision and that he failed to pursue administrative remedies available to him before filing this suit.

On appeal Butler challenges the district court's ruling by asserting that his ability to exhaust administrative remedies was impeded by the Warden's failure to respond timely to both of his BP-9 requests. But Butler's failure to exhaust was not due to any of his appeals being untimely. Request 517178 failed because he did not submit copies of the two prior responses to the General Counsel with his BP-11. *See* 28 C.F.R. § 542.15(b)(1). And request 517179 failed at the BP-10 level because he did not furnish the Regional Director with a copy of his BP-9 request and the Warden's response. Butler thus failed to follow the administrative grievance procedures established by the state. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Butler also argues that the district court should have granted his motion for reconsideration based on his discovery that his grievance over the denial of back surgery had been resolved through a prior administrative request (number 515350). But the district court did not abuse its discretion in denying his motion. Even if we assume that request 515350 says what Butler purports it to say, Butler never suggests how he could not have known about it before the court entered its judgment, *see Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013), especially since it was listed by defendants in their summary-judgment materials as one of Butler's many prior administrative remedy requests.

AFFIRMED.